1  Scott P. Shaw, Bar No. 223592
2  Deborah A. Gubernick, Bar No. 242483
   Samuel G. Brooks, Bar No. 272107
3  CALL & JENSEN
   A Professional Corporation
4  610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
5  Tel:   (949) 717-3000
6  Fax:   (949) 717-3100
   sshaw@calljensen.com
7  dgubernick@calljensen.com
   sbrooks@calljensen.com
8
9  Attorneys for Plaintiff Benchmark Young Adult School, Inc. dba Benchmark
   Transitions
10

11             **UNITED STATES DISTRICT COURT**

12            **SOUTHERN DISTRICT OF CALIFORNIA**

13

14  BENCHMARK YOUNG ADULT              Case No.   **'12 CV 2953 BTM BGS**
    SCHOOL, INC. dba BENCHMARK
15  TRANSITIONS,                       **COMPLAINT**
                                          1. **FEDERAL TRADEMARK**
16         Plaintiff,                       **INFRINGEMENT (15 U.S.C. §**
                                             **1114(1))**
17         vs.                            2. **FALSE DESIGNATION OF**
                                             **ORIGIN (15 U.S.C. § 1125(a))**
18  LAUNCHWORKS LIFE SERVICES, LLC       3. **UNLAWFUL TRADE NAME**
    dba MARK HOUSTON RECOVERY              **USE (Cal. Bus. & Prof. Code §**
19  CENTER and BENCHMARK                    **14495)**
    RECOVERY CENTER,                      4. **CALIFORNIA COMMON LAW**
20                                          **TRADEMARK INFRINGEMENT**
21         Defendant.                       **(Cal. Bus. & Prof. Code § 14200 *et***
                                            ***seq.*)**
22                                        5. **UNFAIR COMPETITION AND**
23                                          **UNFAIR BUSINESS**
                                            **PRACTICES (Cal. Bus. & Prof.**
24                                          **Code § 17200 *et seq.*)**
25
26                                     **DEMAND FOR JURY TRIAL**
27
                                       Complaint Filed:   None Set
28                                     Trial Date:        None Set

CALL&
JENSEN

Plaintiff hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. By this Complaint, Plaintiff Benchmark Young Adult School dba Benchmark Transitions ("Plaintiff" or "Benchmark Transitions") seeks injunctive relief, damages, and other remedies provided by law to remedy injuries caused by Defendant Launchworks Life Services, LLC dba Mark Houston Recovery Center and Benchmark Recovery Center's ("Defendant" or "Benchmark Recovery") infringement of Plaintiff's distinctive trade/service marks and trade name, and for Defendant's unfair competition in violation of California and United States laws.

2. Plaintiff operates a residential transitional living program for older teens and young adults. Plaintiff is primarily engaged in providing addiction recovery, substance abuse treatment services, and related behavioral health services.

3. As part of its business, Plaintiff uses a number of trade- and service marks which are more fully described below as the BENCHMARK Marks. Plaintiff has used the "Benchmark" name in connection with its business and services since 1993.

4. Defendant operates an addiction recovery center in Austin, Texas known as Benchmark Recovery Center, formerly known as the Mark Houston Recovery Center. Defendant's use of the name BENCHMARK RECOVERY CENTER and the abbreviated name BENCHMARK has caused and will continue to cause confusion in the marketplace.

**PARTIES**

5. Plaintiff is and was at all times mentioned in this Complaint a corporation organized and existing under the laws of California, with its headquarters located at 25612 Barton Road, #286, Loma Linda, California 92354.

6. Defendant is, and was at all times mentioned in this complaint, a limited liability company organized and existing under the laws of Texas, with its operations located at 11503 Parsons Road, Manor, Texas 78653.

**JURISDICTION AND VENUE**

7.      This is an action for federal trademark infringement pursuant to 15 U.S.C. § 1114, false designation of origin under the Lanham Act pursuant to 15 U.S.C. § 1125, California common law trademark infringement, unfair competition, California trade name infringement, and unfair business practices under California Business & Professions Code § 17200 *et seq*.

8.      Jurisdiction in the United States District Court is proper under 28 U.S.C. § 1332 §§ 1121 and 1125, and 28 U.S.C. §§ 1331 and 1338(a), in that this case arises under the Trademark Laws of the United States.  The Court has jurisdiction over the California trademark and unfair competition claims pursuant to 28 U.S.C. § 1338(b), because these claims are joined with a substantial and related claim arising under the Trademark Laws of the United States. Jurisdiction is also proper in that the Plaintiff and Defendant are citizens of different states.  Plaintiff is a California corporation with its headquarters in this state; Defendant has its headquarters in Texas.  The amount in controversy exceeds the jurisdictional requirement of $75,000—in an amount to be proven at trial.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claim occurred in this district.  In particular, because Plaintiff operates its business in this district, injury to Plaintiff caused by Defendant's conduct occurred in this district as Defendant attended a trade show in this district where Defendants launched the use of their infringing marks, and the activities alleged herein.

10.     Defendant is subject to specific personal jurisdiction in this district under Federal Rules of Civil Procedure Rule 4(k)(1)(A) and California Code of Civil Procedure § 410.10.  On information and belief, Defendant has significant contacts with California in that it advertises its services to California residents in this district via the internet, mail, email, by attending conferences, and by face-to-face solicitation in this district.

## FACTUAL BACKGROUND

11.     Plaintiff founded Benchmark Behavioral and Educational Services, Inc. in 1993.

12.     By 1998, Benchmark Young Adult School was founded under the direction and expertise of its original owner, Jayne Selby-Longnecker, M.Ed.

13.     Since that time, Benchmark Young Adult School has provided addiction recovery, substance abuse treatment, educational services and transitional living programs for troubled teens and young adults.

14.     In fact, since 1993, Plaintiff, its customers and others began referring to Plaintiff and its services by the shortened trade name and service mark, BENCHMARK.

15.     By virtue of continuous use of BENCHMARK in connection with addiction recovery, substance abuse treatment, and educational services, Plaintiff has acquired rights in and to the service mark BENCHMARK and has developed a solid reputation for quality and good will associated with the services offered under this mark and trade name.

16.     By 2001, Plaintiff expanded its use of the BENCHMARK service mark and began to create a family of related BENCHMARK Marks. In addition to using BENCHMARK YOUNG ADULT SCHOOL, Plaintiff began using the term in connection with its program offerings, including but not limited to ACACIA INDEPENDENT LIVING BY BENCHMARK.

17.     This use continued through 2009.  At that time, Plaintiff again expanded its family of BENCHMARK Marks to include its new name and service mark, BENCHMARK TRANSITIONS.

18.     Plaintiff expanded its curricula for addition recovery, substance abuse treatment, educational services and transitional living programs and created a family of BENCHMARK TRANSITIONS branded programs and services.

19.     The BENCHMARK TRANSITIONS branded programs include Plaintiff's "Benchmark Transitions" therapeutic services and clinical treatment, Plaintiff's

1   "Recovery by Benchmark" program, Plaintiff's "Transitional Living Phases" program,
2   and "Acacia Independent Living By Benchmark," an individualized life skills program.

3       20.     Plaintiff continues to provide its services at its facility in Redlands,
4   California.

5       21.     Plaintiff's reputation for excellence as a provider of services for at risk
6   young people is known nationwide.  Plaintiff's clients come to California from all over
7   the country and from international locations to participate in Plaintiff's specialized
8   programs.

9       22.     Indeed, since 1993, in the field of addiction recovery and transitional living
10  services, the name and service mark BENCHMARK has always been firmly associated
11  with Plaintiff.

12                          **PLAINTIFF'S SERVICE MARKS**

13      23.     Plaintiff is the owner of multiple federally registered service marks that
14  generally cover addiction recovery, substance abuse treatment services, and related
15  behavioral health services recovery/substance abuse related treatment services,
16  including the following:

17      • BENCHMARK TRANSITIONS, U.S. Registration Number 4240373,
18        registration certificate attached as Exhibit A;

19      • RECOVERY BY BENCHMARK, U.S. Registration Number 4236260,
20        registration certificate attached as Exhibit B;

21      • BENCHMARK YOUNG ADULT SCHOOL, U.S. Registration Number
22        4240375, registration certificate attached as Exhibit C;

23      • BENCHMARK TRANSITIONS LIFE STRATEGIES FOR EMERGING
24        ADULTS, U.S. Registration Number 4240380, registration certificate
25        attached as Exhibit D; and

26  / / /
27  / / /
28  / / /

- BENCHMARK TRANSITIONS LIFE STRATEGIES FOR EMERGING ADULTS (Design shown to the right), U.S. Registration Number 4236259, registration certificate attached as Exhibit E.

These trademarks are collectively referred to as the "BENCHMARK Marks."  A complete description of the services offered under these marks is provided within the registration certificates.

24.     Prior to the registration of these marks, Plaintiff owned common-law rights in and to the unregistered trademarks for several years.

25.     The BENCHMARK Marks pre-date the use in commerce of Defendant's use of the name "Benchmark Recovery Center."

26.     The BENCHMARK Marks are inherently distinctive, and the registrations of these marks provide Plaintiff with a presumption of valid, enforceable rights.

## DEFENDANT'S INFRINGING SERVICE MARK AND ACTIVITIES

27.     For multiple years, Defendant was known as "Mark Houston Recovery." Mark Houston Recovery offered various addiction recovery services under that business name.  Indeed, Defendant and Plaintiff were in the same industry and knew of one another.     Representatives from Mark Houston Recovery crossed paths with representatives of Plaintiff Benchmark Transitions at trade shows and industry-related events, and in more personal settings.

28.     For example, in or around August, 2009, Plaintiff's representatives of Benchmark Transitions met with representatives of Defendant, which at that time was going by the name Mark Houston Recovery Center. The meeting took place in California and included Mark Houston himself – the owner and founder of Mark Houston Recovery Center, and Jana Triplett, the marketing representative for Mark Houston Recovery Center.  Ms. Triplett and Mr. Houston were well aware of Plaintiff's use of the word "Benchmark" as a business name and service mark.  Defendant was well aware that Benchmark Transitions was in the same line of business as Defendant.

29.    Notwithstanding Defendant's knowledge of Plaintiff and its trade name and service mark, Plaintiff has learned that Defendant changed its name from Mark Houston Recovery Center to Benchmark Recovery Center in blatant disregard for Benchmark Transitions' rights.

30.    Defendant began marketing itself as Benchmark Recovery Center by late 2011.

31.    Shortly thereafter, Plaintiff learned that this new Benchmark Recovery planned to attend the National Conference on Addiction Disorders (NCAD) in San Diego, California.  Surprised by the news of the name change, Plaintiff sent a cease and desist letter to Mark Houston's Benchmark Recovery, requesting that it cease all use of Benchmark Recovery Center.  A copy of this letter is attached as Exhibit F.

32.    Defendant failed to cease use of the Benchmark Recovery Center name, and in fact attended the trade show in San Diego as Benchmark Recovery Center despite being on notice of Benchmark Transitions' service marks and trade name.

33.    Defendant set up an information booth at the NCAD conference in San Diego identifying and advertising their business and services under the Benchmark Recovery Center name and mark.

34.    Several conference attendees spoke to Plaintiff and expressed confusion as to whether Plaintiff Benchmark Transitions was affiliated with the Benchmark Recovery Center.  Plaintiff received several inquiries and comments from individuals who were familiar with both Plaintiff, who had long been known as Benchmark Transitions and long been using that service mark and trade name, and Defendant—who had formerly been known as Mark Houston Recovery, now using the service name Benchmark Recovery.

35.    In the months that followed, the confusion continued and Benchmark Recovery failed to phase out use of the infringing mark and trade name.

/ / /

/ / /

36.     By October and November 2011, Plaintiff received multiple calls from associates in other addiction and recovery programs asking about the Benchmark Recovery Center, believing that Plaintiff and Defendant may be affiliated.

37.     Beginning in January 2012, on several occasions, staff for Best Notes (a customer relationship software company that apparently both entities use) mistook Plaintiff's staff for Benchmark Recovery's staff.   In fact, Best Notes tried to add Plaintiff's staff as users under the Benchmark Recovery settings.   The result was that when Plaintiff's staff attempted to use the software, the software provided information about Benchmark Recovery instead of Benchmark Transitions.

38.     In February 2012, Plaintiff discussed the issue with management at Best Notes to advise them of the continued mistaken identity with Plaintiff's internal clients. Best Notes took appropriate precautions, but Plaintiff has to specifically advise Best Notes of this issue every time it calls for customer support, clearly indicating confusion has been caused by Defendant's infringing use of marks similar to Plaintiff's service mark.

39.     Later, Plaintiff's representative attended a conference presented by the National Association of Therapeutic Schools and Programs (NATSAP) in Florida.   At that conference, two educational consultants asked about what was happening with the Benchmark Recovery Center in Texas, again thinking perhaps Plaintiff and Defendant were affiliated.

40.     In the months that followed, educational consultants, financial institutions in the industry, and others expressed confusion attributable to Benchmark Recovery's use of BENCHMARK.   Benchmark Transitions learned that Benchmark Recovery was obtaining financing after Clark Behavioral Loans thought the financing was for the long-standing Benchmark Transitions rather than Benchmark Recovery.

41.     These instances demonstrate that confusion is occurring, and also demonstrate that Benchmark Recovery is benefitting from use of a trade name and service mark that infringes Benchmark Transitions' rights.

42.     Defendant has continued to increase its presence in the marketplace under the infringing Benchmark Recovery name.  Plaintiff recently learned that Benchmark Recovery was featuring on a reality television show as "BENCHMARK." Plaintiff received a phone call from an affiliated vendor who believed the television show was referring to Plaintiff Benchmark Transitions, not Defendant Benchmark Recovery Center.

43.     Indeed, this is a case where confusion is not just likely – it is actual.  The infringement of the BENCHMARK Marks after actual and constructive notice of Benchmark Transitions' rights evidences Defendant's intentional and willful conduct, and an attempt to trade off Plaintiff's reputation for quality services and goodwill.

44.     Defendant's infringing use of Benchmark Recovery Center is confusing consumers and industry members, and is causing damage to Plaintiff.

45.     Because Defendant was unwilling to reasonably respond to Plaintiff's requests to cease and desist use, and because confusion is mounting and interfering with Plaintiff's business and causing harm to Plaintiff, Plaintiff had no alternative but to seek judicial intervention.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement [Lanham Act, 15 U.S.C. § 1114(1)])

46.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 45, inclusive, and incorporates them as though fully set forth by this reference herein.

47.     Plaintiff is the owner of several service mark registrations, described herein as the BENCHMARK Marks.  Plaintiff has used its registered marks in commerce to identify its services and to distinguish them from those sold or otherwise provided by others.

48.     Defendant has used and continues to use the name "Benchmark Recovery Center" in commerce in connection with services that are highly similar and overlapping with Plaintiff's.

49.    Plaintiff has not at any time consented to Defendant's use of the name "Benchmark Recovery Center," or the shortened names "Benchmark Recovery" or "Benchmark".

50.    Defendant's use of the name "Benchmark Recovery Center," or the shortened names "Benchmark Recovery" or "Benchmark" is likely to cause confusion, or to cause mistake, or to deceive, and in fact has caused confusion in the marketplace.

51.    Defendant's actions are intentional and willful.  Defendant had notice of, and actually knew of, Plaintiff's use of the word "Benchmark" to identify Plaintiff's services prior to Defendant's adopting that term, and knew of Plaintiff's use of Benchmark Transitions.  Likewise, Defendant was on notice of the BENCHMARK Marks. Despite this notice and knowledge, Defendant has refused to cease the infringing activity and continues to infringe Plaintiff's trade name and service mark rights.

52.    As a proximate result of Defendant's acts, Plaintiff has suffered, and will continue to suffer damage to its reputation and goodwill, injury to its current and potential customer base, and a loss of revenue in an amount not yet determined.

53.    Plaintiff is entitled to recover Defendant's profits and reasonable royalties for the infringing use of Plaintiff's trade name and service marks, as well as damages, all of which may be trebled as a result of Defendant's willful conduct.

54.    Defendant's intentional and willful infringement has caused, and will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.  Therefore, Plaintiff is entitled to injunctive relief that permanently bars Defendant from use of the word "Benchmark" to identify its services.

55.    Defendant's intentional actions render this an exceptional case, further entitling Plaintiff to recovery of its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

/ / /

/ / /

**SECOND CAUSE OF ACTION**

**(False Designation of Origin [Lanham Act, 15 U.S.C. § 1125(a)])**

56.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 55, inclusive, and incorporates them as though fully set forth by this reference herein.

57.     Long before Plaintiff applied for registration of the BENCHMARK Marks, Plaintiff had used those marks in commerce to identify its services.

58.     Defendant's use of the name "Benchmark Recovery Center" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff Benchmark Transitions.

59.     Defendant's use of the name "Benchmark Recovery Center," or the shortened names "Benchmark Recovery" or "Benchmark" is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or affiliation of Defendant's services and commercial activities by Plaintiff Benchmark Transitions.

60.     Defendant's use of the name "Benchmark Recovery Center," or the shortened names "Benchmark Recovery" or "Benchmark" in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, and/or geographic origin of Defendant's services and is merely an attempt to capitalize on the goodwill established by Plaintiff.

61.     Defendant's conduct, after actual and constructive notice of Plaintiff's rights, is knowing and willful.

62.     As a proximate result of Defendant's acts, Plaintiff has suffered, and will continue to suffer, damage to its reputation and goodwill, injury to its current and potential customer base, as well as a loss of revenue in an amount not yet determined.

63.     Plaintiff is entitled to recover Defendant's profits and reasonable royalties for the infringing use of the name "Benchmark Recovery Center," and the shortened names "Benchmark Recovery" and "Benchmark", as well as damages, all of which may be trebled as a result of Defendant's willful infringement.



64.     Defendant's intentional and willful infringement has caused, and will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.  Therefore, Plaintiff is entitled to injunctive relief that permanently bars Defendant from use of the term "Benchmark" to identify its services.

65.     Defendant's actions render this an exceptional case, further entitling Plaintiff to recovery of its attorneys' fees and costs of suit as detailed in 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

### (Unlawful Trade Name Use Under Cal. Bus. & Prof. Code § 14495)

66.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 65, inclusive, and incorporates them as though fully set forth by this reference herein.

67.     Long before Plaintiff applied for registration of the BENCHMARK Marks, Plaintiff had used those marks in commerce to identify its services and business.

68.     Long before Plaintiff applied for registration of its BENCHMARK Marks, Plaintiff had used "Benchmark Young Adult School" and "Benchmark Transitions" as trade names.

69.     Plaintiff is currently using "Benchmark Transitions" as its trade name, and has done so long before Defendant's use of "Benchmark Recovery Center," or the shortened names "Benchmark Recovery" or "Benchmark".

70.     Indeed, Plaintiff has used the trade name "Benchmark" as a shortened version of its full business name.  Therefore, consumers and industry members recognize Plaintiff's services as originating exclusively from "Benchmark".

71.     Defendant's use of the name "Benchmark Recovery Center," or the shortened names "Benchmark Recovery" or "Benchmark" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff.  Indeed, Defendant has already caused such confusion.

CALL&
JENSEN

72.     Plaintiff recently learned that Defendant was referred to as "Benchmark" in a reality television series regarding addiction recovery.   Use of "Benchmark" as a trade name for the same services provided by Benchmark Transitions, without authorization or consent, is presumptive evidence of the unlawful use of such name.

73.     Defendant's use of the name "Benchmark Recovery Center," or the shortened names "Benchmark Recovery" or "Benchmark" is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or affiliation of Defendant's services and commercial activities by Plaintiff Benchmark Transitions.

74.     Defendant's use of the name "Benchmark Recovery Center," or the shortened names "Benchmark Recovery" or "Benchmark" in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, and/or geographic origin of Defendant's services and is merely an attempt to capitalize on the goodwill established by Plaintiff and the services offered under Plaintiff's trade name.

75.     Defendant's conduct, after actual and constructive notice of Plaintiff's rights, is knowing and willful.

76.     As a proximate result of Defendant's acts, Plaintiff has suffered, and will continue to suffer, damage to its reputation and goodwill, injury to its current and potential customer base, as well as a loss of revenue in an amount not yet determined.

77.     Plaintiff is entitled to recover Defendant's profits and reasonable royalties for the infringing use of the trade name "Benchmark Recovery Center," and shortened names "Benchmark Recovery" and "Benchmark".

78.     Defendant's intentional and willful infringement has caused, and will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.   Therefore, Plaintiff is entitled to injunctive relief that permanently bars Defendant from use of the term "Benchmark Recovery Center," or the shortened names "Benchmark Recovery" or "Benchmark" as trade names to identify its business and services.

79.    Plaintiff is entitled to recover damages for unlawful use of its trade name in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (California Common Law Trademark Infringement

### [Cal. Bus. & Prof. Code § 14200 *et seq.*])

80.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 79, inclusive, and incorporates them as though fully set forth by this reference herein.

81.    Plaintiff's use of the BENCHMARK Marks precedes Defendant's use of the name "Benchmark Recovery Center," or the shortened names "Benchmark Recovery" or "Benchmark".

82.    Defendant's use of the name "Benchmark Recovery Center," or the shortened names "Benchmark Recovery" or "Benchmark" is likely to cause confusion, and indeed has caused confusion, as to Plaintiff's association, affiliation, sponsorship or endorsement of Defendant and its services.

83.    As a direct and proximate result of Defendant's infringement of Plaintiff's common law service marks, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill, and Defendant has and will continue to be unjustly enriched by acquiring income, profits and goodwill to which it is not entitled.

84.    Unless restrained, Defendant will continue the acts and conduct set forth in this cause of action to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief.   Plaintiff is therefore entitled to an injunction ordering Defendant to cease and desist from its use of the term "Benchmark" to identify its services and business.

85.    Defendant committed its wrongful acts willfully after actual and constructive notice of Plaintiff's rights.   Defendant's conduct therefore justifies an award of exemplary damages.

## FIFTH CAUSE OF ACTION

### (Unfair Business Practices [Cal. Bus. & Prof. Code § 17200 *et seq.*])

86.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 85 inclusive, and incorporates them as though fully set forth by this reference herein.

87.     Defendant's marketing, selling and offering for sale services identified by the name "Benchmark Recovery Center," or the shortened names "Benchmark Recovery" or "Benchmark" constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business and Professions Code section 17200, in that they 1) infringe Plaintiff's rights in the BENCHMARK Marks, 2) seek to "pass off" Defendant's services as Plaintiff's services to capitalize on Plaintiff's reputation and goodwill, and 3) create confusion as to whether Plaintiff's services are Defendant's services, inhibiting Plaintiff's ability to control its own reputation.

88.     Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's unfair competition in the form of damage to its good will, lost sales, and other actual damages.

89.     The harm to Plaintiff and to members of the general public outweighs the utility of Defendant's business practices.

90.     The unlawful, unfair, and fraudulent business practices of Defendant, as described in this Complaint, present a continuing threat to members of the public in that they are likely to cause confusion as to the source of Defendant's services in that the general public is likely to believe that Defendant's services originate from, or are affiliated or associated with Plaintiff, or are otherwise sponsored or endorsed by Plaintiff.

91.     As a direct and proximate result of Defendant's wrongful acts as alleged in this Complaint, Defendant obtained unlawful profits to the detriment of Plaintiff.

92.     Unless restrained, Defendant will continue the acts and conduct set forth in this cause of action, to Plaintiff's great and irreparable injury, for which damages will

1    not afford adequate relief.  Plaintiff is therefore entitled to an injunction prohibiting
2    Defendant's wrongful acts.

3        93.    Defendant committed the wrongful acts willfully, intending to gain
4    business and a share of the market by riding on Plaintiff's reputation and good will.
5    Defendant's conduct justifies an award of exemplary damages.

6        94.    Upon proof, Plaintiff is entitled to recover its costs, including attorneys'
7    fees, under California Code of Civil Procedure Section 1021.5.

8

9                                **PRAYER FOR RELIEF**

10       WHEREFORE, Plaintiff prays for judgment against Defendant as to all counts of
11   its Complaint, as follows:

12                            **FOR ALL CAUSES OF ACTION:**

13       1.    Actual general and compensatory damages and royalties according to
14             proof;

15       2.    Reasonable attorney's fees and costs of suit;

16       3.    Pre-judgment interest on all amounts claimed as permitted by law;

17       4.    For temporary and permanent injunctive relief:

18             a.  Enjoining Defendant to cease and desist from using the name
19                 "Benchmark Recovery Center," or the shortened names "Benchmark
20                 Recovery" or "Benchmark".

21             b.  Enjoining Defendant to cease and desist from using the word
22                 "Benchmark" to identify its services;

23             c.  Ordering Defendant to deliver up for destruction all products,
24                 brochures, marketing materials, and so forth bearing the name
25                 "Benchmark Recovery Center," or the shortened names "Benchmark
26                 Recovery" or "Benchmark" as an identification of Defendant's services;

27             d.  Ordering Defendant to engage in corrective advertising to restore, to the
28                 fullest extent possible, the value of Plaintiff's marks;

5.      Restitution and disgorgement of Defendant's profits unjustly obtained through infringement of Plaintiff's rights;

6.      Punitive or exemplary damages, including but not limited to treble damages as a result of Defendant's willful infringement; and

Such other, further, and different relief as the Court may deem proper under the circumstances.


Dated: December 11, 2012           CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Deborah A. Gubernick
Samuel G. Brooks


By:*/s/ Deborah A. Gubernick*
     Deborah A. Gubernick

Attorneys for Plaintiff Benchmark Young Adult School, Inc. dba Benchmark Transitions

CALL &
JENSEN

- 17 -
COMPLAINT

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

3        Plaintiff hereby demands a jury trial on all issues raised in the Complaint.

4

5   Dated: December 11, 2012            CALL & JENSEN
                                        A Professional Corporation
6                                       Scott P. Shaw
                                        Deborah A. Gubernick
7                                       Samuel G. Brooks

8

9                                       By: */s/ Deborah A. Gubernick*
                                            Deborah A. Gubernick
10

11                                      Attorneys for Plaintiff Benchmark Young Adult
                                        School, Inc. dba Benchmark Transitions
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28