Scott P. Shaw, Bar No. 223592
  sshaw@calljensen.com
Deborah A. Gubernick, Bar No. 242483
  dgubernick@calljensen.com
Samuel G. Brooks, Bar No. 272107
  sbrooks@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Plaintiff and Counterdefendant
Benchmark Young Adult School, Inc. dba Benchmark Transitions

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENCHMARK YOUNG ADULT SCHOOL, INC. dba BENCHMARK TRANSITIONS,<br><br>Plaintiff,<br><br>vs.<br><br>LAUNCHWORKS LIFE SERVICES, LLC dba MARK HOUSTON RECOVERY CENTER and BENCHMARK RECOVERY CENTER,<br><br>Defendant.<br><br>LAUNCHWORKS LIFE SERVICES, LLC dba MARK HOUSTON RECOVERY CENTER and BENCHMARK RECOVERY CENTER,<br><br>Counterclaimant,<br><br>vs.<br><br>BENCHMARK YOUNG ADULT SCHOOL, INC. dba BENCHMARK TRANSITIONS<br><br>Counterdefendant. | Case No.  12CV2953 BTM BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**<br><br>Date:  February 28, 2014<br>Time:  2:00 p.m.<br>Place: Courtroom 15B<br><br><br>Complaint Filed:  December 11, 2012<br>Trial Date:  None Set |

BEN06-11:1259378_2:1-22-14

# TABLE OF CONTENTS

Page

I.   INTRODUCTION.................................................................................................. 1

II.  ARGUMENT ....................................................................................................... 1

    A.   Supplemental And Amended Pleadings Are Liberally
        Granted To Ensure the Complete Action is Before the Court........................ 1

    B.   Defendant Will Not Be Prejudiced by the Supplemental And
        Amended Pleading Or Limited Additional Discovery ................................... 2

    C.   Leave to Supplement and Amend Should Be Granted in the
        Interest of Justice ........................................................................................... 3

III. CONCLUSION .................................................................................................... 4

CALL & JENSEN EST. 1981

# TABLE OF AUTHORITIES

Page

Federal Cases

Carolina Cas. Ins. Co. v. Lanahan & Reilley, LLP,
   (ND CA 2011) 2011 WL 3741004 ................................................................. 2

Galindo v. Stoody Co.,
   793 F.2d 1501 (9th Cir. 2002) .................................................................. 2

Keith v. Volpe,
   858 F2d 467 (9th Cir. 1988)...................................................................... 2

Mark H. v. Lemahieu,
   513 F.3d 922 (9th Cir. 2008) .................................................................... 2

Verizon Delaware, Inc. v. Covad Communications Co.,
   377 F.3d 1081 (9th Cir. 2004) ................................................................. 2


Federal Rules

Fed. R. Civ. P. 7(a) ....................................................................................... 1

Fed. R. Civ. P. 15(a) ..................................................................................... 2

Fed. R. Civ. P. 15(d) .............................................................................. 1, 2, 3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST
SUPPLEMENTAL AND AMENDED COMPLAINT

## I.   INTRODUCTION

Plaintiff is the exclusive owner of a variety of BENCHMARK trademarks and domain names in the addiction recovery industry.   Without Plaintiff's consent, Defendant adopted and uses BENCHMARK as its "brand" in the addiction-recovery services industry.   After recently taking of depositions of witnesses, Plaintiff learned that Defendant's use of BENCHMARK is more egregious and willful than Plaintiff had previously imagined when it filed the Complaint.   Plaintiff had previously visited Defendant's website and noticed the use of "Benchmark Recovery Center," but upon a recent visit Plaintiff discovered that Defendant was promoting its business as "SEGUE *BY BENCHMARK*," which is a program offering services nearly identical to Plaintiff's BENCHMARK services.   Plaintiff was unaware of these facts prior to filing the Complaint, and only recently discovered them through discovery and investigation. Accordingly, Plaintiff should be afforded leave to supplement and/or amend its original complaint to include the recently-learned facts and to conduct limited discovery on the new "SEGUE BY BENCHMARK" program.[1]

The First Supplemental and Amended Complaint is attached hereto as Exhibit A and is virtually identical to the original complaint.

## II.   ARGUMENT

### A.   Supplemental And Amended Pleadings Are Liberally Granted To Ensure the Complete Action is Before the Court

The Federal Rules of Civil Procedure dictate that all pleadings under Rule 7(a) may be supplemented under FRCP Rule 15(d).   FRCP Rule 7(a); 15(d).   Supplemental and amended pleadings are liberally granted and are favored because they allow the

---

[1] Defendants apparently concealed the "Segue by Benchmark" program.   Defendants produced little to no documents that mentioned the Segue by Benchmark program; no videos were produced even though they apparently existed as of March 11, 2013; and *no internal communications* were produced that refer to the program.   Surely, documents exist that discussed this program, but mysteriously they were missing from Defendant's document production.   Plaintiff is entitled to review relevant documents and question witnesses with knowledge of this program.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

CALL & JENSEN EST. 1974

1  court to award complete relief in the same action, avoiding the costs and delays of
2  separate suits.  Like amended pleadings, "[t]he court should freely give leave when
3  justice so requires."  Fed. R. Civ. P. 15(a); *see also*, *Mark H. v. Lemahieu*, 513 F.3d
4  922, 940 (9th Cir. 2008); *Verizon Delaware, Inc. v. Covad Communications Co.*, 377
5  F.3d 1081, 1091 (9th Cir. 2004).  Unless there is a clear showing of prejudice to the
6  other party, supplemental pleadings and amendments are uniformly granted.  *Keith v.*
7  *Volpe*, 858 F2d 467, 473 (9th Cir. 1988); *Galindo v. Stoody Co.* 793 F.2d 1501, 1513
8  (9th Cir. 2002).

9       Supplemental pleadings are proper when a party discovers and needs to allege
10 relevant facts that occur *after* the original pleading was filed.  *Id.*, *See*,  FRCP 15(d);
11 *Carolina Cas. Ins. Co. v. Lanahan & Reilley, LLP*, (ND CA 2011) 2011 WL 3741004,
12 *5.  By supplementing the complaint, the action is brought up to date so the complete
13 controversy is part of the case before the court.

14

15       **B.    Defendant Will Not Be Prejudiced by the Supplemental And Amended**
16             **Pleading Or Limited Additional Discovery**

17       Plaintiff only recently learned during depositions that Defendant has knowingly
18 and willfully increased its infringing activity.  (Declaration of Deborah Gubernick
19 ("Gubernick Decl.") at ¶ 3.)  Specifically, the day before a recent deposition, Defendant
20 produced a profit and loss statement that included a line item for a "SEGUE" program.
21 When questioned about the meaning of this line item, it came to light that Defendant
22 was offering a new "SEGUE BY BENCHMARK" program offered by Defendant.  *Id.*
23 at ¶ 4.  At the outset of this litigation, Plaintiff's co-owner, Shelley Skaggs, visited
24 Defendant's website to assess the infringing activity before filing suit.  (Declaration of
25 Shelley Skaggs ("Skaggs Decl.") at ¶ 2).  At that time, Ms. Skaggs found no mention of
26 "SEGUE BY BENCHMARK."  Ms. Skaggs, visited Defendant's website recently and
27 noticed additional drop-down menus within the website.  Ms. Skaggs explored the drop-
28 down menus and was led to new webpages within Defendant's website, advertising

CALL&
JENSEN

1   "SEGUE BY BENCHMARK." The website also featured promotional videos—all of

2   which appeared to have been launched previously, but not produced during discovery.

3   No communications or advertisements were produced for "Segue by Benchmark."

4       Defendant's use of "SEGUE BY BENCHMARK" is a new and expanded

5   infringement of Plaintiff's existing rights in and to BENCHMARK and Plaintiff's

6   registered RECOVERY BY BENCHMARK line of services. *Id.* Plaintiff learned that

7   the services offered under the "SEGUE BY BENCHMARK" name are identical to

8   sober-living services offered by Plaintiff. Defendant was not offering those services

9   and was not advertising those services under the "SEGUE BY BENCHMARK" name at

10  the time of filing the original complaint. *Id.* Defendant will not be prejudiced by the

11  filing of this supplemental pleading because Plaintiff only seeks to include these new,

12  relevant facts and a claim for increased damages caused Defendant's willful and

13  deliberate conduct. Plaintiff does not seek to modify the complaint beyond the

14  inclusion of the newly discovered facts and expanded damages claim. Furthermore, it is

15  Plaintiff, not Defendant, who would be prejudiced if leave to supplement is not granted

16  because Plaintiff would be denied the opportunity to have all facts considered in one

17  action, and Plaintiff would be forced to file a new action.

18

19      **C.**     **Leave to Supplement and Amend Should Be Granted in the Interest of**

20          **Justice**

21      Rule 15(d) permits the court to give leave to supplement pleadings on "just

22  terms." Fed. R. Civ. P. 15(d). Defendant, with full knowledge of Plaintiff's registered

23  trademark rights, and with full knowledge of the allegations of infringement already

24  brought against it, chose to willfully and deliberately move forward with a new

25  advertising campaign and trademark use featuring the brand BENCHMARK and

26  attempting to capitalize on Plaintiff's goodwill. Rather than ceasing use of the

27  offending trademark, Defendant has elected to increase its infringing activity and

28  thereby increase the amount of damage caused to Plaintiff. Justice requires that

CALL &
JENSEN

Plaintiff be permitted to include these facts and increased damages claims in its Complaint, including specific claims for profit disgorgement, treble damages, corrective advertising, and reasonable royalty payments. Defendant's escalated acts of infringement must be addressed; the court has just terms for granting Plaintiff's Motion for Leave to Supplement and Amend Plaintiff's Original Complaint.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the court grant its Motion for Leave to File First Supplemental and Amended Complaint.

Dated:  January 22, 2014

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Deborah A. Gubernick
Samuel G. Brooks

By:*/s/ Deborah A. Gubernick*
Deborah A. Gubernick

Attorneys for Plaintiff Benchmark Young Adult School, Inc. dba Benchmark Transitions

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

**CERTIFICATE OF SERVICE**
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On January 22, 2014, I have served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT** on the following person(s) in the manner(s) indicated below:

**SEE ATTACHED SERVICE LIST**

**[ X ]** (BY ELECTRONIC SERVICE) I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

**[ ]** (BY MAIL) I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[ ]** (BY OVERNIGHT SERVICE) I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[ ]** (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]** (BY E-MAIL) I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(es) indicated.

[ X ]   (FEDERAL)  I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[ ]   (FEDERAL)  I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on January 22, 2014, at Newport Beach, California.

/s/ Deborah A. Gubernick
Deborah A. Gubernick

1

## SERVICE LIST

2

3

4

5

6

Edward Patrick Swan, Jr.
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Tel: (858) 703-3132
Fax: (858) 314-1150
pswan@jonesday.com

**Attorneys for LAUNCHWORKS LIFE SERVICES, LLC DBA BENCHMARK RECOVERY CENTER FKA MARK HOUSTON RECOVERY CENTER**

7

8

9

10

Casey L. Dobson
Paige Arnette Amstutz
Scott, Douglass & McConnico, LLP
600 Congress Avenue, Suite 1500
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 474-0731

**Attorneys (Pro Hac Vice) for LAUNCHWORKS LIFE SERVICES, LLC DBA BENCHMARK RECOVERY CENTER FKA MARK HOUSTON RECOVERY CENTER**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL &
JENSEN