UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENCHMARK YOUNG ADULT SCHOOL, INC., DBA BENCHMARK TRANSITIONS,<br><br>                                Plaintiff,<br><br>v.<br><br>LAUNCHWORKS LIFE SERVICES, LLC DBA MARK HOUSTON RECOVERY CENTER and BENCHMARK RECOVERY CENTER,<br><br>                                Defendant. | Civil No. 12cv2953-BTM (BGS)<br><br>**ORDER DENYING MOTION TO FILE EXCERPTS OF DEPOSITION [EXHIBIT A TO DECL. SHAW] UNDER SEAL**<br><br>[ Doc. No. 32] |

Plaintiff seeks the Court's permission to file excerpts of a deposition under seal pursuant to the Stipulated Protective Order (Doc. No. 20) because the entire deposition transcript was designated "confidential-attorneys' eyes only." (Doc. No. 32.)  Plaintiff states the good cause for sealing the document is based on the designation made by the parties at the deposition.  (*Id*. at 3.)

Having reviewed Plaintiff's Motion to File Documents Under Seal Pursuant to Stipulated Protective Order (Dkt. No. 32), Plaintiff's Declaration In Support thereof, as well as the unredacted version of Exhibit A lodged with the Court, good cause does not appear to file the deposition excerpts under seal.

///

///

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation omitted). Except for documents that are traditionally kept secret, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings, ... that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (quotation omitted). The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quotation omitted).

Plaintiff has not satisfied the "compelling reasons standard" as to the excerpts of the deposition transcript it seeks to file under seal. The excerpts do not reveal any information that could reasonably need to be kept secret. After reviewing the lodged document, the Court finds Plaintiff's showing does not rise to the level of good cause to warrant sealing. *See Foltz*, 331 at 1130; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

IT IS HEREBY ORDERED that Plaintiff's Motion to File Documents Under Seal is DENIED. Plaintiff must publically file Exhibit A to Shaw's declaration. To the extent Plaintiff or Defendant intend to file different excerpts of the deposition in

///
///
///
///

1 | question in the future and those excerpts contain information that reasonably should
2 | remain secret, the parties may file a request to seal those excerpts at that time.

4 | DATED: January 22, 2014

6 | Hon. Bernard G. Skomal
U.S. Magistrate Judge
7 | United States District Court