UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENCHMARK YOUNG ADULT SCHOOL, INC., DBA BENCHMARK TRANSITIONS,<br><br>              Plaintiff,<br><br>       v.<br><br>LAUNCHWORKS LIFE SERVICES, LLC DBA MARK HOUSTON RECOVERY CENTER and BENCHMARK RECOVERY CENTER,<br><br>              Defendant. | Civil No.   12cv2953-BTM (BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE**<br><br>**[Doc. No. 31]** |

On December 20, 2013, the parties called regarding a discovery dispute. Plaintiff's counsel represented that the dispute concerned the deposition testimony of Jana Triplett and Defendant's instruction for her not to answer certain deposition questions based on the attorney-client and attorney work product privileges. Based on the representation of the dispute, and the parties inability to resolve the dispute through the meet and confer process, the Court allowed Plaintiff to file the pending motion to compel. (Doc. No. 30.)

After reviewing the parties' briefing in support of and in opposition to Plaintiff's motion to compel, it has come to the Court's attention that the parties failed to inform the Court that the dispute stemmed from a deposition of a third-party witness who was subpoenaed pursuant to Federal Rule of Civil Procedure 45.

1  This fact is relevant to the dispute because the subpoena issued and the deposition
2  was taken prior to the effective date of the 2013 Amendment to Rule 45.  Prior to
3  December 1, 2013, Federal Rule of Civil Procedure 45 required the subpoena to be
4  issued from the court for the district where the deposition is to be taken.  (Fed. R.
5  Civ. P. 45(a)(2)(B).  Motions to quash a subpoena that "overbears the limits of the
6  subpoena power," as well as motions for enforcement of the subpoena must be
7  presented to the court for the district in which the deposition would occur.  Fed. R.
8  Civ. P. 45 advisory committee's notes to the 1991 Amendment.

9  The deposition of Jana Triplett was set to take place and did take place at
10 the law offices of Call & Jensen, 610 Newport Center Drive, Suite 700, Newport
11 Beach, California.  Thus, the deposition occurred in the Central District of Califor-
12 nia and the court that should have been presented with the a motion for enforcement
13 of the subpoena—including resolving issues of privilege— is the court for the
14 Central District of California.[1] *See Lieberman v. American Dietectic Ass'n*, 1995
15 WL 250414 at *1 (N.D. Ill. April 25,1995) (holding *sua sponte* it did not have
16 jurisdiction to entertain either the motion to compel or motion to quash because the
17 deposition was to take place in a different district (citing *In re Digital Equipement
18 Corp.,* 949 F.2d 228, 231 (8th Cir. 1991) (vacating discovery orders entered by
19 South Dakota District Court because the Oregon district court had jurisdiction to
20 rule on objections including issues of privilege)).

21 Accordingly, this Court **DENIES** Plaintiff's motion to compel without
22 prejudice because this is not the proper forum to seek enforcement of the subpoena.
23 ///
24 ///

---

[1] Although Plaintiff's counsel incorrectly served a subpoena drafted as if it was from the United States District Court for the Southern District of California, the proper court to issue the subpoena and be presented with motions to quash, as well as motions to enforce the subpoena is the United States District Court for the Central District of California—the court for the district where the deposition was noticed to take place and did take place.  *See* Def.'s Opp'n at Ex. 3; Doc. No. 36-3.

The dispute over Ms. Triplett's deposition may raised in the District Court for the Central District of California.

      IT IS SO ORDERED.

DATED: February 11, 2014

                                  Hon. Bernard G. Skomal
                                  U.S. Magistrate Judge
                                  United States District Court