Scott P. Shaw, Bar No. 223592
 sshaw@calljensen.com
Deborah A. Gubernick, Bar No. 242483
 dgubernick@calljensen.com
Samuel G. Brooks, Bar No. 272107
 sbrooks@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Attorneys for Plaintiff and Counterdefendant
Benchmark Young Adult School, Inc. dba Benchmark Transitions

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENCHMARK YOUNG ADULT SCHOOL, INC. dba BENCHMARK TRANSITIONS,<br><br>Plaintiff,<br><br>vs.<br><br>LAUNCHWORKS LIFE SERVICES, LLC dba MARK HOUSTON RECOVERY CENTER and BENCHMARK RECOVERY CENTER,<br><br>Defendant. | Case No. 12CV2953 BTM BGS<br><br>**PLAINTIFF AND COUNTER-DEFENDANT BENCHMARK YOUNG ADULT SCHOOL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**<br><br>Date: February 28, 2014<br>Time: 2:00 p.m.<br>Place: Courtroom 15B<br><br>Complaint Filed: December 11, 2012<br>Trial Date: None Set |
| LAUNCHWORKS LIFE SERVICES, LLC dba MARK HOUSTON RECOVERY CENTER and BENCHMARK RECOVERY CENTER,<br><br>Counterclaimant,<br><br>vs.<br><br>BENCHMARK YOUNG ADULT SCHOOL, INC. dba BENCHMARK TRANSITIONS,<br><br>Counterdefendant. | |

BEN06-11:1278377_1:2-21-14                                    - 1 -

PLAINTIFF AND COUNTER-DEFENDANT BENCHMARK YOUNG ADULT SCHOOL, INC.'S REPLY IN
SUPPORT OF ITS MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff's Motion for Leave to Amend was made in good faith without any attempt to mislead this court. Regrettably, Plaintiff has only now discovered significant defects in the discovery database for this case which prevented it from locating the examples of trademark use shown in Defendant's Declaration of Paige Amstutz ("Amstutz Declaration") in Support of Defendant's Opposition. This unfortunate circumstance is detailed and explained in the attached Declarations of Deborah Gubernick ("Gubernick Declaration") and Andrea Bednar ("Bednar Declaration") filed concurrently herewith.

Plaintiff concedes that, due to the apparent use of and existence of the SEGUE BY BENCHMARK prior to Plaintiff's Motion, leave to amend, rather than leave to supplement may be more appropriate. Courts routinely grant leave to amend. The interest of justice requires that Plaintiff be permitted to plead facts concerning Defendant's use of the SEGUE BY BENCHMARK trademark. The fact of the matter is that the newly discovered evidence regarding Defendant's SEGUE BY BENCHMARK program only makes Defendant's willful infringement all that more egregious. Even without the amendment, Defendant's use of SEGUE BY BENCHMARK is a highly relevant fact at trial, and the evidence will support a jury verdict in favor of Plaintiff. However, the amendment is useful in expounding the pleadings and in allowing additional limited discovery regarding Defendant's willful infringement, and there is no prejudice to Defendant because the amendment does not seek to radically change the course of this litigation, there has not been undue delay, and the amendment would not render prior discovery meaningless, nor would it significantly increase the costs of additional discovery associated therewith.

///
///
///

## II. ARGUMENT

### A. Plaintiff's Statements Were Made in Good Faith, With No Deliberate Attempt to Mislead this Court

Plaintiff's counsel takes its professional obligations seriously, and has not and would not act with deliberate attempt to mislead this court.[1] Plaintiff's statements in its Motion are based on 1) documents it relied on from Defendant's production that contained the term "SEGUE" alone, and 2) Plaintiff's defective search results that omitted relevant advertising materials produced by Defendant containing "SEGUE BY BENCHMARK" and 3) Plaintiff's good faith belief that the "SEGUE BY BENCHMARK" program had not been added to Defendant's website until after the onset of this litigation. Doc. No. 34 p. 2.

First, Plaintiff acknowledges having seen documents referring to "Segue" in Defendant's document production. However, these references were not in the context of trademark use, and were not "SEGUE BY BENCHMARK." Accordingly, when reviewing these documents with the document production, Plaintiff did not make a connection that "Segue" was being used in the trademark sense as "SEGUE BY BENCHMARK." Consider, for example, the document entitled "Segue Monitoring and Accountability Program", subtitled, "Segue Services Agreement." Gubernick Declaration at ¶ 5, Ex. A. This agreement, which appears to be a contract for enrollees of the program, nowhere states "SEGUE BY BENCHMARK." If the program contract itself does not mention "SEGUE BY BENCHMARK", Plaintiff had no reason to know that Defendant was in fact using the SEGUE BY BENCHMARK trademark elsewhere. *Id.* Cover emails produced by Defendant that refer to a "SEGUE -logo," "SEGUE-definition," and "SEGUE flyer" do not include the trademark SEGUE BY BENCHMARK. *Id.* at ¶ 5, Ex. BD. Even Defendant's own "Important Announcement" prepared on January 10, 2012 does not refer to the program as SEGUE

---

[1] Plaintiff's counsel of record, Scott Shaw and Deborah Gubernick both externed for judges in the United States District Court, Central District; Plaintiff's counsel Samuel Brooks clerked for the U.S. Court of Appeals for the Ninth Circuit.

1  BY BENCHMARK, but simply refers to the new program as "the Segue Program." Gubernick Declaration at ¶ 7, Ex. C. The cover email refers to this announcement as the "Segue Letter." *Id.* at ¶ 6, Ex. B.

Second, Plaintiff does not deny that the Amstutz Declaration contains multiple examples of use of SEGUE BY BENCHMARK. These documents are bates stamped, and appear to have been produced. Plaintiff, however, did not see these documents in its review because these documents were loaded in a different format and/or were not detected in searches performed in Plaintiff's electronic database. Bednar Declaration ¶¶ 2, 5-6. Plaintiff acted on good faith in believing that the SEGUE BY BENCHMARK program was a recent expansion of Defendant's already infringing use of BENCHMARK.

Third, Plaintiff's owner declared, in good faith, that she did not see the SEGUE BY BENCHMARK trademark use in Defendant's website when first visiting Defendant's website prior to this litigation. Doc. No. 34. Based on her review of the website prior to the litigation and again after, Ms. Skaggs believed Defendant's use of SEGUE BY BENCHMARK was in fact a new. *Id.*

Plaintiff regrets that technological issues that prevented it from viewing documents on point. However, Plaintiff and its counsel have made no intentional misrepresentations to this Court or to Defendant.

**B. The Court Has Broad Discretion to Grant Leave to Amend to Prevent Inequity**

Defendant's basic argument is that Plaintiff should not be permitted to supplement its complaint because it knew (or at least had reason to know) of Defendant's use of SEGUE BY BENCHMARK. However, the analysis should not stop there. Courts may grant leave to *supplement* or *amend* a complaint. Fed. R. Civ. P. Rules 15(a), 15(d). The primary difference is timing: whether the additional facts—the "transaction, occurrence or event . . . happened after the date of the pleading. . ." *Id.* at 15(d). Both are to prevent inequity: a supplemental complaint addresses the injustice

that would result if a party could not include facts learned after the filing of the complaint; the amended complaint is to ensure the complete dispute is before the court – to cure the injustice of preventing a court from being able to award complete relief in the same action. In both scenarios, absent a showing of prejudice, motions to supplement and amend pleadings are routinely granted. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *Galindo v. Stoody Co.*, 793 F.2d 1501, 1513 (9th Cir. 2002). This case is no exception. Plaintiff should be permitted to include facts concerning Defendant's infringement by its use of SEGUE BY BENCHMARK. Defendant will not be prejudiced by the amended pleading.

### C. Justice Requires the Court to Grant Leave to Amend

The interest of justice requires that amendments be permitted before trial to ensure the entire dispute is before the court. The Ninth Circuit considers four factors in determining whether leave to amend should be granted: undue delay, bad faith, prejudice, and futility. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Here, Plaintiff did not unduly delay in filing its Motion. Plaintiff did not move to amend sooner because it was not fully aware of the extent of Defendant's use of SEGUE BY BENCHMARK. Thus, to the extent there is any delay, it was excusable. Assuming, arguendo, that Plaintiff knew or should have known of Defendant's use at the outset of this litigation, delay alone is not sufficient to preclude amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The remaining factors favor granting leave to amend.

There is no bad faith on the part of Plaintiff in seeking this amendment. As explained above, Plaintiff was not aware of Defendant's infringing use of SEGUE BY BENCHMARK. Indeed, Plaintiff's purpose in filing its Motion is to ensure the complete dispute is before this Court.

Defendant will not be prejudiced by Plaintiff's amendment because the proposed amended complaint is very similar to the original. Furthermore, Defendant's use of SEGUE BY BENCHMARK is a highly relevant fact that will come in at trial, even

PLAINTIFF AND COUNTER-DEFENDANT BENCHMARK YOUNG ADULT SCHOOL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

without the amendment. Thus, including the facts now do nothing to prejudice Defendant. Furthermore, Defendant will not be prejudiced because the proposed amended pleading does not seek to radically change the course of this litigation; Plaintiff is not introducing new claims. The amendments do not suddenly render prior discovery meaningless, nor would the amendments require significant and expansive discovery and escalated costs associated therewith. Indeed, only very limited discovery into the SEGUE BY BENCHMARK program would be necessary, and the taking of one deposition of Defendant's person most knowledgeable concerning the SEGUE BY BENCHMARK program.

Finally, Plaintiff's proposed amendment is not futile – it does not seek to accomplish a futile purpose. It simply seeks to include facts concerning the scope of Defendant's infringement to make clear that Defendant's infringement also includes use of SEGUE BY BENCHMARK.

### D. The Court May Order Discovery Re-opened

It is proper for this Court to permit limited discovery on the SEGUE BY BENCHMARK program. In fact, denial of a motion to reopen discovery is reviewed for a "clear abuse of discretion." *United States ex rel. Army Athletic Ass'n v. Reliance Ins. Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986) (quoting *Foster v. Arcata Assocs.*, 772 F.2d 1453, 1467 (9th Cir. 1985)). In applying this standard, courts consider whether 1) trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that discovery will lead to relevant evidence. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987). On balance, these factors favor re-opening discovery on the limited matter of Defendant's SEGUE BY BENCHMARK program. Specifically, the trial date has not yet been set—trial is not imminent. Defendant would not be would not be prejudiced as explained above. Plaintiff has been diligent in seeking and obtaining other discovery to date, serving

PLAINTIFF AND COUNTER-DEFENDANT BENCHMARK YOUNG ADULT SCHOOL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

discovery as early as May of 2013, followed by more written discovery in July of 2013 and serving deposition notices at least as early as July of last year. Gubernick Declaration ¶ 9. Additional discovery was not foreseeable at the time discovery closed. Additional discovery into the SEGUE BY BENCHMARK trademark will lead to relevant evidence.

Defendant argues that Plaintiff should not be permitted to reopen discovery because it has not shown excusable neglect. As an initial matter, there is no bright line or per se rule defining excusable neglect. *Yeoman v. Ikea U.S.A. W., Inc.*, 11CV701-WQH BGS, 2013 WL 3467410 at *4 (S.D. Cal. July 10, 2013). The court weighed the following equitable factors: 1) danger of prejudice to nonmoving party; 2) the length of delay and its impact on judicial proceedings; 3) the reason for delay; and 4) whether the moving party acted in good faith. These factors also favor Plaintiff, and the facts of the case are distinguishable.

There, the motion to reopen discovery related to determining the size of a class in a class certification; it did not deal with reopening discovery into the substantive claims. There, Plaintiff filed its motion *nine* months after fact discovery ended and more than six months after experts were to be designated, and requested three more months of discovery—which would have resulted in *twelve* months of delay—a significant impact on judicial proceedings. Here, Plaintiff filed its motion less than two months after discovery closed—and the case has not yet been set for trial. Here, Plaintiff seeks narrow discovery into the SEGUE BY BENCHMARK program, and the deposition testimony of the person most knowledgeable on the topic. This information is relevant and will be admissible at trial. In fact, information on the SEGUE BY BENCHMARK program will be admissible even absent an amendment. Reopening discovery will not prejudice Defendant: it will not be required to prepare multiple witnesses for multiple rounds of depositions. Thus, there is no prejudice to Defendant.

///

## III. CONCLUSION

The interests of justice favor granting Plaintiff's Motion. Defendant will not be prejudiced by the amendment or by the re-opening of discovery for he very limited purpose described herein. Accordingly, Plaintiff respectfully requests that its Motion be granted.

Dated: February 21, 2014

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Deborah A. Gubernick
Samuel G. Brooks

By: /s/ *Deborah A. Gubernick*
Deborah A. Gubernick

Attorneys for Plaintiff and Counterdefendant Benchmark Young Adult School, Inc. dba Benchmark Transitions