1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENCHMARK YOUNG ADULT SCHOOL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAUNCHWORKS LIFE SERVICES, LLC, et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM. | Case No.  12-cv-02953-BAS(BGS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT** <br><br> (ECF NO. 34) |

On December 11, 2012, Plaintiff Benchmark Young Adult School, Inc. dba Benchmark Transitions ("Plaintiff") commenced this action against Defendants Launchworks Life Services, LLC dba Mark Houston Recovery Center and Benchmark Recovery Center for federal trademark infringement, false designation of origin, unlawful trade name use, California common law trademark infringement, and unfair competition and unfair business practices.  Plaintiff now moves for leave to file a first supplemental and amended complaint.  (ECF No. 34.)  Defendant

1  Launchworks Life Services, LLC dba Benchmark Recovery Center fka Mark
2  Houston Recovery Center ("Defendant") opposes.  (ECF No. 41.)

3      The Court decides the matter on the papers submitted and without oral
4  argument.  *See* Civ. L.R. 7.1(d)(1).  For the following reasons, the Court **GRANTS**
5  **IN PART** and **DENIES IN PART** Plaintiff's motion for leave to file a
6  supplemental and amended complaint.

7  **I.     BACKGROUND**

8      On December 11, 2012, Plaintiff commenced this action, asserting claims for
9  federal trademark infringement, false designation of origin, unlawful trade name use,
10 California common law trademark infringement, and unfair competition and unfair
11 business practices.  (ECF No. 1 ("Complaint").)  On February 1, 2013, Defendant
12 filed an Answer.  (ECF No. 6.)  Pursuant to a stipulation between the parties and
13 Court order thereon, on July 3, 2013, Defendant filed an amended Answer and
14 Counterclaim seeking a declaration of non-infringement and a declaration of
15 unenforceability and/or invalidity.  (ECF Nos. 23-26.)

16     On June 5, 2013, Magistrate Judge Skomal issued the Case Management
17 Conference Order Regulating Discovery and Other Pretrial Proceedings
18 ("Scheduling Order") in this matter which provided that the deadline to file any
19 motion to amend the pleadings was June 29, 2013.  (ECF No. 22.)  On
20 September 24, 2013, the parties jointly moved to continue several dates in the
21 Scheduling Order, including the fact and expert discovery deadlines, because "due
22 to technological snafus in the gathering and processing of electronically stored
23 information, neither Party ha[d] produced responsive documents."  (ECF No. 27.)
24 In their joint motion, the parties did not request an extension of time to file a motion
25 to amend the pleadings.  (*See id.*)  On October 1, 2013, Magistrate Judge Skomal
26 granted the joint motion, in part, which, among other things, extended the fact
27 discovery deadline to November 29, 2013 and the expert discovery deadline to
28 March 28, 2014.  (ECF No. 28 ("Amended Scheduling Order".)

12cv2953

On January 22, 2014, Plaintiff filed the present motion.  (ECF No. 34 at p. 2.)  Plaintiff initially sought leave to file a supplemental and amended complaint pursuant to Federal Rules of Procedure 15(a) and (d).  (*Id.*)  However, in its reply, Plaintiff concedes that it is only appropriate to seek leave to file an amended complaint.  (ECF No. 42 ("Reply") at p. 2, lines 10-12.)

Plaintiff seeks to file an amended complaint to set forth new allegations concerning facts it claims it was unaware of "prior to filing the Complaint, and only recently discovered … through discovery and investigation," as well as a claim for increased damages.  (ECF No. 34-1 ("Motion") at pp. 1-3.)  Specifically, Plaintiff seeks to add facts relating to Defendant's "SEGUE BY BENCHMARK" program ("Segue Program").  (*Id.*)

Defendant opposes Plaintiff's Motion.  (ECF No. 41.)  This matter was taken under submission on February 24, 2014.  (ECF No. 43.)  Thereafter, on April 28, 2014, Defendant filed a motion for summary judgment or, in the alternative, summary adjudication (ECF No. 48) and Plaintiff filed a motion for summary judgment (ECF No. 55).  Briefing has not completed on the summary judgment motions.  Oppositions are due no later than July 7, 2014.  (ECF No. 60.)  On May 22, 2014, this case and all pending motions were transferred to Judge Bashant.  (ECF No. 59.)

II.  **LEGAL STANDARD**

In support of its motion,[1] Plaintiff cites Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "a party may amend its pleading only with the

---

[1]   In its motion, Plaintiff also moved to file a supplemental complaint citing to Rule 15(d) of the Federal Rules of Civil Procedure, which provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d); *see also* ECF No. 34 at p. 2.  However, as noted above, Plaintiff conceded in its Reply that it is only appropriate to seek leave to file an amended complaint.  (Reply at p. 2.)  Therefore, the Court will not treat

1   opposing party's written consent or the court's leave" and leave shall be given freely

2   when justice so requires.  Fed. R. Civ. P. 15(a)(2).

3       However, Rule 15 does not provide the initial standard under which the Court

4   considers Plaintiff's request to amend its complaint.  After a scheduling order has

5   been issued setting a deadline to amend the pleadings, as is the case here, and a party

6   moves to amend the pleadings after the deadline, the motion amounts to one to

7   amend the scheduling order and thus is properly brought under Rule 16(b) rather

8   than Rule 15.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08

9   (9th Cir. 1992).[2]

10      Under Rule 16, a scheduling order "may be modified only for good cause and

11  with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The decision to modify a

12  scheduling order is within the broad discretion of the district court. *Johnson*, 975

13  F.2d at 607 (citation omitted).  If good cause is shown, the court proceeds to

14  consider the requirements of Rule 15(a).  *Id*. at 608 (citing approvingly *Forstmann v.*

15  *Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987), for its explication of this order of

16  operations); *C.F. v. Capistrano Unified School Dist*., 656 F.Supp.2d 1190, 1192

17  (C.D. Cal. 2009).

18  **III.   DISCUSSION**

19      The Scheduling Order in this case set forth a pleading amendment deadline of

20  June 29, 2013.  (ECF No. 22 at ¶ 1.)  The current motion was not filed until January

21  22, 2014.  Thus, Plaintiff is required to demonstrate good cause under Rule 16 for

22

23

24  _____

    Plaintiff's motion as one for leave to file a supplemental complaint.

25  [2]     While a court may deny as untimely a motion for leave to amend after a

26  scheduling order deadline has passed, simply because the plaintiff did not request a
    modification of the scheduling order as well, the Court here, in an exercise of its

27  discretion, declines to do so.  *Johnson*, 975 F.2d at 608.  Rather, the Court exercises
    its discretion to construe the instant motion as one to amend the scheduling order

28  and for leave to file an amended complaint.

1   filing an amended pleading nearly seven months past the deadline.  *See Coleman v.*

2   *Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2010).

3       **A.    Rule 16 Analysis**

4       Under Rule 16(b)(4)'s good cause standard, the court's primary focus is on

5   the movant's diligence in seeking the amendment.  *Johnson*, 975 F.2d at 609.

6   "Good cause" exists if a party can demonstrate that the scheduling order could not or

7   "cannot reasonably be met despite the diligence of the party seeking the extension."

8   *Id*. (citations omitted).  "[C]arelessness is not compatible with a finding of diligence

9   and offers no reason for a grant of relief."  *Id*.  "Although the existence or degree of

10  prejudice to the party opposing the modification might supply additional reasons to

11  deny a motion, the focus of the [Rule 16] inquiry is upon the moving party's reasons

12  for seeking modification."  *Id*. (citations omitted).  The party seeking to continue or

13  extend the deadlines bears the burden of proving good cause.  *See Zivkovic v. S. Cal.*

14  *Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002); *Johnson*, 975 F.2d at 608-09.

15      In addressing the diligence requirement, one district court in this Circuit

16  noted:

17      [T]o demonstrate diligence under Rule 16's "good cause" standard,
18      the movant may be required to show the following: (1) that [it] was
        diligent in assisting the Court in creating a workable Rule 16 order..;
19      (2) that [its] noncompliance with a Rule 16 deadline occurred or will
        occur, notwithstanding [its] diligent efforts to comply, because of the
20      development of matters which could not have been reasonably
        foreseen or anticipated at the time of the Rule 16 scheduling
21      conference…; and (3) that [it] was diligent in seeking amendment of
22      the Rule 16 order, once it became apparent that [it] could not comply
23      with the order….

24  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal.1999) (internal citations

25  omitted).  If the district court finds a lack of diligence, "the inquiry should end."

26  *Johnson*, 975 F.2d at 609.  If, however, the movant clears the Rule 16 bar, the Court

27  proceeds to considering the motion under the usual standard of Rule 15.  *Campion v.*

28

– 5 –

1 | *Old Republic Home Protection Co., Inc.*, 861 F.Supp.2d 1139, 1150 (S.D. Cal.
2 | 2012).

3 |       Plaintiff asserts it was unaware of the Segue Program when it filed its
4 | Complaint on December 11, 2012.  (Motion at p. 1.)  Rather, Plaintiff claims it
5 | visited Defendant's website at the outset of litigation but did not see any reference to
6 | the Segue Program, and only learned of the Segue Program later, on or about
7 | November 19, 2013, during the deposition of Defendant's Director of Finance.
8 | (Motion at p. 2, ECF No. 34-3 ("Gubernick Decl.") at ¶¶ 4-6).   In response,
9 | Defendant argues the Segue Program was established prior to the filing of Plaintiff's
10 | Complaint and "[d]etailed information regarding the [Segue Program] has been
11 | available on the Benchmark website since *November 2011*."   (ECF No. 41-1
12 | ("Opp.") at p. 4, lines 2-4.)   In support of this argument, Defendant attaches
13 | screenshots of its website from showing that a link to the Segue Program appeared
14 | on its website as early as November 15, 2011.  (ECF Nos. 41-2 ("Amstutz Decl.") at
15 | ¶ 6; 41-4 ("Ex. C") at p. 10.)   Defendant also attaches screenshots of its website
16 | showing brief information about the Segue Program on its website from as early as
17 | January 18, 2012.  (Amstutz Decl. at ¶ 6; Ex. C at pp. 37-38.)

18 |       Given the foregoing, the question is whether Plaintiff, acting diligently, could
19 | have reasonably met the June 29, 2013 deadline to amend the Complaint set forth in
20 | the Scheduling Order.   Arguably, Plaintiff should have known the facts
21 | underpinning the new allegations it seeks to add prior to the filing of its initial
22 | Complaint.  However, Plaintiff argues it did not see and/or understand the Segue
23 | Program until after the deposition on November 19, 2013, well past the amendment
24 | deadline set forth in the Scheduling Order.[3]  (Reply at pp. 3-4.)  The Court finds this

25 |

26 | [3]    Defendant argues that Plaintiff was on notice of the Segue Program well
27 | before November 19, 2013 through discovery.   In support of this argument,
28 | Defendant attached copies of over one hundred pages of documents to their
Opposition relating to the Segue Program which were produced by Defendant to

1   argument plausible.  Particularly as it appears Plaintiff was diligent in assisting the

2   Court in creating a workable Scheduling Order, including seeking to modify the

3   Scheduling Order through a joint motion when the parties experienced delays in

4   producing documents (ECF No. 27), complied with the Scheduling Order in all other

5   respects, and was diligent in seeking to amend the Complaint shortly after it

6   discovered the new facts at issue.  Moreover, there is no suggestion Plaintiff knew of

7   the allegations prior to filing the Complaint or made a tactical decision at the outset

8   of the litigation not to include the allegations in its initial Complaint.  *Cf Trans*

9   *Video Electronics, Ltd. V. Sony Electronics, Inc*., 278 F.R.D. 505, 508 (N.D. Cal.

10  2011).  Accordingly, the Court finds Plaintiff has sufficiently demonstrated "good

11  cause" to amend the Scheduling Order.  Because the Court finds that Plaintiff

12  satisfies the requirements of Rule 16(b), the Court proceeds to consider the

13  requirements of Rule 15(a).

14      **B.    Rule 15 Analysis**

15      "Rule 15(a) is very liberal and leave to amend 'shall be freely given when

16  justice so requires.'"  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d

17  946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); *see also Kaplan v. Rose*, 49

18  F.3d 1363, 1370 (9th Cir. 1994) (noting the "strong policy in favor of allowing

19  amendment").  However, "a district court need not grant leave to amend where the

20  amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3)

21  produces an undue delay in litigation; or (4) is futile."  *AmerisourceBergen Corp.*,

22  465 F.3d at 951.  These factors are not of equal weight as prejudice to the opposing

23  party has long been held to be the most crucial factor in determining whether to

24  grant leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

25

26  Plaintiff on September 26, 2013.  (Amstutz Decl. at ¶ 4, Exhibits A(1)-(5).)

27  However, these documents, produced in September 2013, would not have aided
    Plaintiff in meeting the June 29, 2013 deadline in the Scheduling Order.  Nothing

28  suggests Plaintiff was actually aware of the Segue Program prior to June 29, 2013.

1   (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990);
2   *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).  The Court considers
3   each of these factors in turn.

### 1.   *Prejudice to the Opposing Party*

5         The most critical factor in determining whether to grant leave to amend is
6   prejudice to the opposing party.  *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is
7   the touchstone of the inquiry under rule 15(a).") (internal quotes and citation
8   omitted)). The burden of showing prejudice is on the party opposing an amendment
9   to the complaint.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.
10  1986).  Prejudice must be substantial to justify denial of leave to amend.  *Morongo*
11  *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Under Rule
12  15(a), [a]bsent prejudice, or a strong showing of any of the remaining [] factors,"
13  there is a presumption in favor of granting leave to amend.  *Eminence Capital*, 316
14  F.3d at 1052.

15        Defendant argues it will suffer prejudice if Plaintiff is permitted to file an
16  amended complaint and re-open discovery, because it would cost Defendant
17  "considerable additional time and attorneys' fees."  (Opp. at p. 5.)  In its Opposition,
18  Defendant focuses primarily on the prejudice that may be caused by re-opening
19  discovery.   (*Id*. at pp. 5-6.)   Per the Amended Scheduling Order issued
20  October 1, 2013, fact discovery in this matter closed on November 29, 2013 and
21  expert discovery closed on March 28, 2014.  (ECF No. 28.)  This Motion was filed
22  less than two months after fact discovery cut off on January 22, 2014.

23        Plaintiff argues "Defendant will not be prejudiced because the proposed
24  amended pleading does not seek to radically change the course of this litigation;
25  Plaintiff is not introducing new claims."  (Reply at p. 6, lines 2-4.)  Moreover,
26  Plaintiff argues "[t]he amendments do not suddenly render prior discovery
27  meaningless, nor would the amendments require significant and expansive discovery
28  and escalated costs associated therewith."  (*Id*. at lines 4-6.)  Plaintiff offers that

1   "only limited discovery" into the Segue Program would be necessary, and the taking

2   of only one deposition of Defendant's person most knowledgeable concerning the

3   Segue Program.  (*Id.* at lines 6-9.)

4        The Court is not persuaded that Defendant will suffer prejudice should

5   Plaintiff be permitted to file an amended complaint.  The proposed amended

6   complaint does not add a new party or new causes of action, or significantly change

7   the course of the litigation.  Therefore, any additional discovery would be very

8   limited.  Moreover, as demonstrated in its Opposition, Defendant has already

9   produced well over one hundred documents related to the Segue Program, including

10  multiple internal communications, drafts, and brochures regarding the program.

11  (Opp. at pp. 2-3; Amstutz Decl. at ¶ 4, Exhibits A(1)-(5).)  Thus, to the extent

12  additional discovery is required to flesh out the new allegations, much of the work

13  on the part of Defendant has already been done and the discovery costs incurred.

14  Accordingly, this factor favors amendment.[4]

15              **2.    *Undue Delay***

16       "Undue delay is a valid reason for denying leave to amend."  *Contact Lumber*

17  *Co. v. P.T. Moges Shipping Co*., 918 F.2d 1446, 1454 (9th Cir. 1990).  Delay, by

18  itself, however, does not always justify denying leave to amend.  *DCD Programs,*

19  *Ltd.*, 833 F.2d at 186–87.  "Relevant to evaluating the delay issue is whether the

20  moving party knew or should have known the facts and theories raised by the

21  amendment in the original pleading."  *Jackson*, 902 F.2d at 1388.  Considerable

22  delay with no reasonable explanation is relevant where a proposed amendment

23  would cause prejudice to the other party or would significantly delay resolution of

24

25  _____

26  [4]      The Court acknowledges that the parties have already filed motions for
    summary judgment in this matter, which is a consideration in this analysis.  But

27  Plaintiff filed its motion well before the summary judgment motion deadline of
    April 28, 2014 (*see* ECF No. 28 at ¶ 6).  Thus, the Court cannot, in good faith,

28  weigh this factor against Plaintiff.

the case. *Id*. However, delay caused by the parties waiting until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct is a reasonable explanation. *DCD Programs, Ltd.*, 833 F.2d at 187.

Plaintiff argues it "did not unduly delay in filing its Motion." (Reply at p. 5, line 15.) In support of this argument, Plaintiff asserts it only learned of and/or understood the Segue Program ten days before fact discovery cut off and only waited until January 22, 2014 to file its motion "because it was not fully aware of the extent of Defendant's use of SEGUE BY BENCHMARK." (*Id*. at p. 5, lines 15-17.) Thus, to the extent there was any delay, Plaintiff argues it was excusable. (*Id*. at p. 5, line 17.) Given the foregoing, the Court agrees there was no undue delay in filing this present motion.

### 3.    *Bad Faith*

A bad faith motive is a proper ground for denying leave to amend. *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). Defendant argues "Plaintiff's misrepresentations to the Court justify a finding of bad faith." (Opp. at p. 6, line 3.) However, as previously stated, the Court finds Plaintiff's argument that it did not see and/or understand the Segue Program until after the deposition on November 19, 2013, plausible. Moreover, in light of the technical issues Plaintiff experienced searching the discovery (Reply at pp. 2-4; Gubernick Decl.; ECF No. 42-3), the Court finds no evidence that Plaintiff acted in bad faith in making representations to the Court.

Defendant further argues that "the real motive behind the request for leave to amend is Plaintiff's desire to retake the depositions of Defendant's witnesses." (Opp. at p. 5.) However, Defendant does not provide anything to substantiate this argument. Therefore, this factor weights in favor of granting Plaintiff leave to file an amended complaint.

///

///

1

### 4.     *Futility of Amendment*

2  "Futility of amendment can, by itself, justify the denial of a motion for leave

3  to amend."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  "[A] proposed

4  amendment is futile only if no set of facts can be proved under the amendment to the

5  pleadings that would constitute a valid and sufficient claim or defense."  *Sweaney v.*

6  *Ada County*, Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) (citation omitted).

7  Plaintiff's proposed amended complaint (ECF No. 34-2) alleges the same five

8  causes of action as its initial complaint: (1) federal trademark infringement (15

9  U.S.C. § 1114(1)); (2) false designation of origin (15 U.S.C. § 1125(a)); (3)

10  unlawful trade name use (Cal. Bus. & Prof. Code §§ 14200, *et seq*.); (4) California

11  common law trademark infringement (Cal. Bus. & Prof. Code §§ 14200 *et seq*.); and

12  unfair competition and unfair business practices (Cal. Bus. & Prof. Code §§ 17200,

13  *et seq*.) ("UCL").  To prevail on a trademark claim under the Lanham Act, a plaintiff

14  must establish it has a protectable ownership interest in the mark and that the

15  defendant's use of the mark is likely to cause consumer confusion.  *Rearden LLC v.*

16  *Rearden Commerce, Inc*., 683 F.3d 1190, 1202 (9th Cir. 2012) (citation omitted).

17  Plaintiff's remaining claims are subject to the same legal standards.  *See id.* at 1221;

18  *see also Murray v. Cable Natl. Broadcasting Co*., 86 F.3d 858, 860 (9th Cir. 1996);

19  *Academy of Motion Picture Arts and Sciences v. Creative House Promotions, Inc*.,

20  944 F.2d 1446, 1457 (9th Cir. 1991); *New West Corp. v. NYM Co. of California,*

21  *Inc*., 595 F.2d 1194, 1201 (9th Cir. 1979); *E.& J. Gallo Winery v. Pasatiempos*

22  *Gallo, S.A*., 905 F.Supp. 1403, 1415 (E.D. Cal. 1994).

23  The "likelihood of confusion" inquiry "generally considers whether a

24  reasonably prudent consumer in the marketplace is likely to be confused as to the

25  origin or source of the goods or services bearing one of the marks or names at issue

26  in the case."  *Rearden LLC*, 683 F.3d at 1209.  The Ninth Circuit employs eight

27  factors (*Sleekcraft* factors) to determine whether there is a likelihood of confusion:

28  (1) the strength of the mark; (2) proximity or relatedness of the goods; (3) similarity

of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Id.* (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979)).

As in the initial Complaint, Plaintiff alleges in the proposed amended complaint that it is the owner of a federally registered service mark in "RECOVERY BY BENCHMARK." (ECF 34-2 at ¶ 23.) Plaintiff's new allegations include that Defendant's advertising under the name "SEGUE BY BENCHMARK" which "mirrors" Plaintiff's "RECOVERY BY BENCHMARK" name and offers services that "mirror" Plaintiff's "RECOVERY BY BENCHMARK" services is likely to cause confusion and is a violation of each of the alleged causes of action.[5] Plaintiff further alleges it has suffered damages as a result. The Court finds these allegations sufficient to state a claim, therefore amendment would not be futile. Notably, Defendant does not argue in its Opposition that the new allegations are insufficient or that amendment would be futile.

Weighing all of the factors, the Court finds that Plaintiff should be given leave to file an amended Complaint.

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for leave to file a supplemental and amended complaint. The Court **DENIES** Plaintiff leave to file a supplemental complaint in the form attached to its Motion. However, the Court **GRANTS** Plaintiff leave to file a first amended complaint adding allegations related to the Segue Program consistent with this Order. If Plaintiff chooses to file an amended complaint, it must do so no later

---

[5]   *See* ECF 34-2 at ¶¶ 46-52, 58-60, 62, 64, 70-72, 75, 77, 83, 85-87, 90-91, 94-95, 98, 100, 106, Prayer for Relief ¶¶ 2-3, 7(a)-(c), 8.

1   than **July 10, 2014**.   If the parties wish to re-open discovery on a limited basis
2   consistent with this Order following the filing of a first amended complaint and to
3   continue the motion deadline, they must seek leave to do so from Magistrate Judge
4   Skomal.

5         **IT IS SO ORDERED.**

6

7   **DATED:  July 3, 2014**

8   Hon. Cynthia Bashant
United States District Judge

– 13 –