# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENCHMARK YOUNG ADULT SCHOOL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAUNCHWORKS LIFE SERVICES, LLC, *ET AL*. <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No.  12-cv-02953-BAS(BGS) <br> **ORDER:** <br> **(1) GRANTING MOTIONS FOR ORAL ARGUMENT (ECF NO. 114, 117);** <br> **(2) SETTING ORAL ARGUMENT (ECF NOS. 50, 91, 113, 115, 116, 121, 138);** <br> **(3) DENYING WITHOUT PREJUDICE MOTION TO SEAL (ECF NO. 108);** <br> **(4) DENYING IN PART AND GRANTING IN PART *EX PARTE* MOTION FOR LEAVE TO FILE A SUR-REPLY (ECF NO. 130);** <br> **(5) DENYING *EX PARTE* MOTION TO FILE CORRECTED JOINT STATEMENT (ECF NO. 132); AND** <br> **(6) DENYING *EX PARTE* MOTION FOR ORDER SHORTENING TIME (ECF NO. 139)** |

Pending before the Court are motions to strike (ECF Nos. 50, 116, 121) and a motion for summary judgment (ECF No. 115) filed by defendant and counterclaimant Launchworks Life Services, LLC ("Launchworks"); and a motion to strike affirmative defenses (ECF No. 91), a motion for summary judgment (ECF No. 113), and a motion for preliminary injunction (ECF No. 138) filed by plaintiff and counterdefendant Benchmark Young Adult School, Inc. ("Benchmark"). Both parties have also filed motions for oral argument in relation to their respective motions for summary judgment. (ECF Nos. 114, 117.)

Also pending before the Court is a motion to file documents under seal (ECF No. 108), an *ex parte* motion for leave to file a sur-reply in opposition to Launchworks' motion for summary judgment (ECF No. 130), and an *ex parte* motion for an order shortening time and oral argument on Benchmark's motion for preliminary injunction (ECF No. 139) filed by Benchmark; and an *ex parte* motion for leave to file a corrected joint statement of material facts relating to the cross-motions for summary judgment (ECF No. 132) filed by Launchworks.

I. ORAL ARGUMENT

Having read and considered the moving papers, and good cause appearing, the Court **GRANTS** the requests for oral argument (ECF Nos. 114, 117). Accordingly, the Court **ORDERS** the parties to appear on **May 27, 2015** at **2:00 p.m.** in **Courtroom 4B** for oral argument to address the motions. *See* Civ. L.R. 7.1(d)(1). The Court also **ORDERS** the parties to appear for oral argument to address all remaining pending motions. (*See* ECF Nos. 50, 91, 113, 115, 116, 121, 138.)

II. MOTION TO SEAL

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). "Unless a

1  particular court record is one 'traditionally kept secret,' a 'strong presumption in
2  favor of access' is the starting point." *Id.* (citing *Foltz v. State Farm Mut. Auto Ins.
3  Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records
4  relating to dispositive motions bear the burden of overcoming the presumption with
5  "compelling reasons" that outweigh the general history of access and the public
6  policies favoring disclosure. *Id.* at 1178–79.

7  Records attached to non-dispositive motions, however, are not subject to the
8  strong presumption of access. *Id.* at 1179.  Because the documents attached to non-
9  dispositive motions "are often unrelated, or only tangentially related, to the
10 underlying cause of action," parties moving to seal must meet the lower "good
11 cause" standard of Rule 26(c).  *Id.* (internal quotations omitted).  "[A]
12 particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c)
13 is sufficient to preserve the secrecy of sealed discovery documents attached to non-
14 dispositive motions." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices
15 Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *see also Kamakan*a, 447 F.3d at 1180
16 (requiring a "particularized showing" of good cause); *Beckman Indus., Inc. v. Int'l
17 Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  A blanket protective order is not itself
18 sufficient to show "good cause" for sealing particular documents.  *See Foltz*, 331
19 F.3d at 1133; *Beckman Indus., Inc.*, 966 F.2d at 476; *San Jose Mercury News, Inc.
20 v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

21 Benchmark seeks to file excerpts of certain deposition transcripts under seal
22 submitted in support of its motion for summary judgment.  (ECF No. 108.)  A
23 summary judgment motion is a dispositive motion and therefore Benchmark must
24 demonstrate compelling reasons for sealing the documents.  *See Kamakana*, 447
25 F.3d at 1181.  In support of its motion to seal, Benchmark relies exclusively on the
26 Protective Order entered in this case (ECF No. 20).  (ECF No. 108 at pp. 1-2.)  A
27 blanket protective order, however, is insufficient to meet the "compelling reasons"
28 standard.  *See Foltz*, 331 F.3d at 1136; *Kamakan*a, 447 F.3d at 1183.  Standing

alone, a blanket protective order is not even sufficient to meet the lower "good cause" standard. Under the "compelling reasons" standard, the moving party must present "articulable facts identifying the interests favoring continued secrecy" and "show that these specific interests overc[o]me the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakan*a, 447 F.3d at 1179-81 (internal quotation marks omitted). Due to its failure to meet the "compelling reasons" standard, the Court **DENIES** Benchmark's motion to seal **WITHOUT PREJUDICE**.

### III. *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY

Benchmark moves *ex parte* for leave to file a sur-reply in opposition to Launchworks' motion for summary judgment. (ECF No. 130.) Benchmark argues there is good cause to file its proposed sur-reply "because [Launchworks] cited new authorities and evidence for the first time in its Reply brief." (*Id*. at p. 2, lines 11-12.) Specifically, Benchmark asserts Launchworks argued for the first time in its Reply that it can prevail on its "innocent user defense" and attached to its Reply new deposition excerpts that are misleading. (*Id*. at pp. 2-3.) Launchworks filed an opposition to the *ex parte* motion arguing that it did not raise any new arguments or rely on any new evidence for the first time in its Reply. (ECF No. 134.)

The Court agrees with Launchworks that the "innocent user defense" was not raised for the first time in its Reply. To the extent Benchmark desires to further address the arguments raised in the papers on the "innocent user defense," it may do so at oral argument on the motion.

The Court also agrees that Launchworks' citation to Bruce Garrison's testimony in its Reply was in response to Benchmark's use of Mr. Garrison's testimony in its Opposition to argue that "[t]here is a genuine factual dispute as to whether Defendant actually knew about Plaintiff's business when it adopted the name Benchmark." (*See* ECF No. 120 at pp. 2-4.) However, the parties cite to different portions of Mr. Garrison's testimony and the excerpt Benchmark desires

to submit with its sur-reply was not previously cited nor addressed. Where new evidence is presented in a reply, a district court should not consider the new evidence without giving the non-movant the opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003). The Court therefore finds it appropriate to allow Benchmark to file the section of its proposed sur-reply addressing Mr. Garrison's testimony.

For the foregoing reasons, Benchmark's *ex parte* motion (ECF No. 130) is **GRANTED IN PART** and **DENIED IN PART**.

IV.     *EX PARTE* **MOTION FOR LEAVE TO FILE CORRECTED JOINT STATEMENT OF MATERIAL FACTS**

Launchworks moves *ex parte* for leave to file a corrected joint statement of material facts in support of and in opposition to the cross-motions for summary judgment. (ECF No. 132.) Launchworks seeks leave because it "erroneously cited to [ECF] No. 115-4 in its Joint Statement of Facts rather than [ECF] No. 115-8." (*Id.* at p. 2, lines 23-24.) Launchworks argues Benchmark will not suffer prejudice because the documents at issue have been on the record since April 2014 and Benchmark has undoubtedly seen them. (ECF No. 132 at p. 3.) Benchmark opposes the *ex parte* motion. (ECF No. 133.)

The parties filed cross-motions for summary judgment on December 31, 2014 and January 2, 2015. (ECF Nos. 113, 115.) On February 3, 2015, Launchworks filed a "Joint Statement of Undisputed Material Facts In Support Of And In Opposition to Cross-Motions For Summary Judgment." (ECF No. 129.) Upon review, the parties' "Joint Statement" notably contains both disputed and undisputed facts in contravention of the purpose behind the filing requirement of a joint statement of *undisputed* material facts, which is to promote efficiency in the Court's review of often lengthy and complicated cross-motions for summary judgment. The Court further notes that all references to ECF No. 115-4 in the

"Joint Statement" concern disputed facts. Launchworks did not obtain leave to file a separate statement of disputed facts. The Court is therefore not going to consider or rely upon those portions of the Joint Statement. Accordingly, Launchworks' *ex parte* motion for leave to file a corrected joint statement of material facts is **DENIED**.

## V. *EX PARTE* MOTION FOR ORDER SHORTENING TIME

On April 24, 2015, Benchmark filed a motion for preliminary injunction with a hearing date for briefing purposes of May 26, 2015. (ECF No. 138.) Benchmark concurrently filed an *ex parte* motion seeking an order shortening time on its motion for preliminary injunction and setting an expedited briefing schedule and oral argument. (ECF No. 139.) Benchmark argues it will suffer irreparable harm if its motion is not heard before May 28, 2015. (*Id*. at p. 3.) Launchworks opposes the motion. (ECF No. 140.)

The Court has set oral argument on Benchmark's motion for preliminary injunction for May 27, 2015. Therefore, the Court does not find an expedited briefing schedule to be appropriate and Benchmark's *ex parte* motion for an order shortening time is **DENIED**. The parties should proceed with briefing the motion for preliminary injunction in accordance with Local Civil Rule 7.1(e) based on a hearing date of May 26, 2015.

## VI. ORDER

For the foregoing reasons, the Court **ORDERS** as follows:

1. The parties' motions for oral argument are **GRANTED** (ECF Nos. 114, 117).
2. The parties shall appear on **May 27, 2015** at **2:00 p.m.** in **Courtroom 4B** for oral argument to address all pending motions (ECF Nos. 50, 91, 113, 115, 116, 121, and 138).
3. Benchmark's motion to file documents under seal is **DENIED WITHOUT PREJUDICE** (ECF No. 108).

1     4.     Benchmark's *ex parte* motion for leave to file a sur-reply **is DENIED IN PART** and **GRANTED IN PART** (ECF No. 130).  Benchmark shall file its proposed sur-reply addressing only Mr. Garrison's testimony no later than **May 1, 2015**.

5. Launchworks' *ex parte* motion for leave to file a corrected joint statement of material facts in support of and in opposition to the parties' cross-motions for summary judgment (ECF No. 132) is **DENIED**.

6. Benchmark's *ex parte* motion for an order shortening time on its motion for preliminary injunction (ECF No. 139) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 30, 2015

Hon. Cynthia Bashant
United States District Judge